The Sentence Review Board wishes to thank Earl Ray Johnston for representing himself in this matter.

STATE OF MONTANA,
            Plaintiff,                        NO. DC 96-88
    vs.                                    DECISION

Norbert A. Koerber,
            Defendant.

On October 1, 1997, it was the sentence and judgment of the court as follows: 1. That the defendant is guilty of violating the terms and conditions of the sentence heretofore imposed upon him on the 5th day of March, 1997, and the suspended sentence is hereby revoked. 2. That the defendant is committed to the Montana State Prison for a term of nine (9) years with regard to the Felony charge, and for a term of six months in the Ravalli County Jail with regard to the Misde-

meanor charge, the two sentences to run concurrently with one another. The Court directs that the defendant not be considered for parole until such time as he has completed all phases of the chemical dependency treatment program offered by the Montana State Prison. The defendant shall receive a total credit of 28 days for time served in jail prior to this sentencing.

On February 19, 1998, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 19th day of February, 1998.

DATED this 12th day of March, 1998.

**Chairman, Hon. Wm. Nels Swandal, Member, Hon. Richard Phillips and Alt. Member, Hon. Robert Boyd.**

The Sentence Review Board wishes to thank Norbert Anthony Koerber for representing himself in this matter.